

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-3535

Re: Authority of common carrier
motor carrier to render
pick-up and delivery service
to points outside of city
limits

In your letter of June 27, 1941, you submit the following facts:

"The metropolitan area of the City of San Antonio
contains a number of unicorporated suburbs, and a
large number of army posts and camps are located
within such metropolitan area of the City of San
Antonio. All of such suburbs and army camps have
in the past been served by such common carrier truck
lines without additional certificates of convenience
and necessity, providing that San Antonio was the
terminus of such freight lines."

And you request our opinion in response to the following question:

"Are common carrier truck lines holding certificates of
convenience and necessity from the Railroad Commission
of Texas with San Antonio, Texas, as a terminus, author-
ized to render a pick-up and delivery service within the
metropolitan area of San Antonio comprising suburbs and
army camps as above set out without securing additional
certificates of convenience and necessity as provided
by Section III of Article 911b."

We gather from your letter as a whole that the suburbs and army
camps mentioned therein are located short distances outside the
City of San Antonio and do not lie within the limits of any other
incorporated cities or towns. We shall so assume and this opinion
will not be intended to cover any other state of facts.

Since a certificate or permit is not required of one whose transportation services would not extend from one incorporated city or town to another, (Art. 911b, Sec. 1(g), V.A.C.S.) it will be noted that other persons than the carriers in question could perform these pick-up and delivery services without obtaining a permit or certificate. Furthermore, since a certificate of convenience and necessity authorizing a common carrier motor carrier operation cannot be obtained except upon an application describing the route of the proposed service (Sec. 10, Art. 911b) and a showing of public convenience and necessity, (Sec. 3 and 10, Art. 911b) it would be obviously impossible for the common carrier operating into the city, as one of its terminal, to obtain a certificate specifically authorizing each and all of such multitudinous operations involved in delivering and picking up packages transported and to be transported over its regular lines. The rendition of this type of service has become quite general and we find nothing in the motor carrier statute which would seem to forbid it.

Accordingly, we answer your question in the affirmative, advising that the service may be performed so long as it is in fact a pick-up and delivery service, wholly incidental to the common carrier operation into and out of San Antonio. We can well see where such an operation into an army camp, or other community center, might grow into an extension of the common carrier service, resulting in the establishment of another terminal point, and coming within our opinion No. O-1592, copy of which is enclosed.

<div style="margin-left: 40%;">

Yours very truly

ATTORNEY GENERAL OF TEXAS

S/ Glenn R. Lewis

By

Glenn R. Lewis
Assistant

</div>

APPROVED JULY 22, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
By BWB, Chairman

GRL:WFS/cge